2110 First Street, Suite 3-137
Fort Myers, Florida 33901
239-461-2200
239-461-2219 (Fax)

300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
904-301-6300
904-301-6310 (Fax)

U.S. Department of Justice
*United States Attorney*
*Middle District of Florida*

35 SE 1st Avenue, Suite 300
Ocala, Florida 34471
352-547-3600
352-547-3623 (Fax)

400 West Washington Street, Suite 3100
Orlando, Florida 32801
407-648-7500
407-648-7643 (Fax)

Main Office
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
813-274-6000
813-274-6358 (Fax)

---

*Reply to:* **Fort Myers, FL**

October 1, 2026

Stefan Groening
Cantor & Cantor
7370 College Parkway, Suite 308
Fort Myers, Florida 33907

**Re: *United States v. Christiane Vinette Young***
**Case No. 2:26-cr-258-SPC-KRH**

Dear Mr. Groening:

Digitized discovery materials have been uploaded to USAfx. The uploaded material contains all responsive discovery information within the government's possession, custody, or control other than *Jencks*, *Brady*, *Giglio*, and grand jury material, if any. As required by the Court's scheduling order, the United States provides the following information:

- Rule 16(a)(1)(A): *Defendant's Oral Statement*. The substance of one or more oral statements provided by the defendant in response to law enforcement questioning is included as part of discovery in this case.

- Rule 16(a)(1)(B): *Defendant's Written or Recorded Statement.* One or more relevant written or recorded statements by the defendant are included as part of discovery in this case.

- Rule 16(a)(1)(C): *Organizational Defendant.* The defendant is not an organizational defendant.

- Rule 16(a)(1)(D): *Defendant's Prior Record*. A report describing the defendant's prior criminal record is included as part of discovery in this case.

- Rule 16(a)(1)(E): *Documents and Objects.* As to Rule 16 documents and tangible objects, you are free to inspect such items as will be used by the government in its case-in-chief upon reasonable notice to me.

- Rule 16(a)(1)(F): *Report of Examinations and Tests.* There are currently no reports of examinations or tests in this case.

- Rule 16(a)(1)(G): *Expert Witnesses.* The government does not currently intend to use expert testimony at trial in this case.

- Additional Disclosures and Discovery ¶ (1)(a–b): There was no electronic surveillance carried out as part of the investigation of this case, and there were no mail covers used during the investigation.

- Additional Disclosures and Discovery ¶ (1)(c): There were no items seized from the defendant in this case, and there is no other seized evidence that the government intends to introduce in its case-in-chief at trial.

- Additional Disclosures and Discovery ¶ (1)(d): There were no confidential informants used during the investigation.

- Additional Disclosures and Discovery ¶ (1)(e—f): There were no identification proceedings conducted during this investigation.

- Additional Disclosures and Discovery ¶ (1)(g): There are no fingerprints or palmprints that have been identified as belonging to the defendant in this case.

- Additional Disclosures and Discovery ¶ (1)(h): Without conceding the relevance or applicability of Fed. R. Evid. 404(b), the government provides notice of its intention to introduce at trial certain of defendant's prior acts. Specifically, the government will introduce evidence that the defendant registered to vote while indicating that she was a U.S. citizen, that she had been residing in the United States for several decades with no legal status, and that

she filed certain immigration applications and documents indicating that she knew she was not a U.S. citizen. Such evidence, in addition to being inextricably intertwined and necessary to complete the story, is admissible to show motive, opportunity, intent, preparation, plan, knowledge, absence of mistake, and lack of accident because such evidence shows that Defendant knew that she was not a U.S. citizen when she voted and was motivated to vote based on her longstanding residence in the United States.

- Additional Disclosures and Discovery ¶ (1)(i): There are no known conflicts of interest in this case at this time.

We are aware of our continuing discovery obligations pursuant to Fed. R. Crim. P. 16(c) and will make you aware of any additional discoverable material as soon as possible if such material comes to our attention.

Pursuant to Fed. R. Crim. P. 16(b), the United States requests the following:

a. Books, papers, documents, data, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in chief at trial. Fed. R. Crim. P. 16(b)(1)(A).

b. Any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession, custody, or control of the defendant, which the defendant intends to introduce as evidence in chief at the trial or which were prepared by a witness whom the defendant intends to call at trial when the results or reports relate to that witness' testimony. Fed. R. Crim. P. 16(b)(1)(B).

c. A written summary of testimony that the defendant intends to use under Rule 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, describing the witnesses' opinions, the bases and reasons for those opinions, and the witnesses' qualifications. Fed. R. Crim. P. 16 (b)(1)(C).

If you have any questions or wish to discuss a plea offer, please do not hesitate to call me at my office.

Sincerely,

*/s/ Benjamin S. Winter*

Benjamin S. Winter
Assistant United States Attorney
Middle District of Florida
2110 First Street, Suite 3-137
Fort Myers, Florida 33901
(239) 461-2200 (office)
(239) 461-2212 (direct)
benjamin.winter@usdoj.gov